# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SACKS HOLDINGS, INC.,      )

         )

     Plaintiff,      )     **Case No.:  26-cv-294**

         )

     v.      )

         )

KEHE DISTRIBUTORS, INC.,      )     **JURY TRIAL DEMANDED**

         )

     Defendant.      )

_____ )

Plaintiff Sacks Holdings, Inc. ("Plaintiff"), by and through its attorneys, Womble Bond Dickinson (US) LLP, for its Complaint against defendant KeHE Distributors, Inc. ("KeHE") alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's federally registered trademark rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for common law trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair and deceptive trade practices under the statutory laws of the State of North Carolina, for common law trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for copyright infringement under 17 U.S.C. § 101, *et seq*., all arising from the Defendant's unauthorized use of the "GRIN" mark in connection with the distribution, offering for sale, and/or sale of infringing oral care

products.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c)(2) in that a substantial part of the events giving rise to the claims occurred in this district and Defendant is an entity with the capacity to be sued under applicable law and Defendant is subject to this Court's personal jurisdiction with respect to this civil action.

## PARTIES

5. Plaintiff is a corporation that is incorporated in Delaware and has its principal place of business at 11440 W. Bernardo Court, Suite 250, San Diego, California 92127. Plaintiff owns and operates the website https://grinoralcare.com/ ("Plaintiff's Website"), through which Plaintiff facilitates the sale of a variety of oral care products bearing the mark "GRIN", including but not limited to, dental floss and dental floss picks.

6. Upon information and belief, Defendant KeHE Distributors, Inc. is a corporation that is incorporated in Delaware and has its principal place of business at 1245 E. Diehl Road, Suite 200, Naperville, Illinois.

2

**FACTS**

A.   <u>Plaintiff and Its Trademarks</u>

7.      Through Plaintiff's Website and through various sales channels, Plaintiff markets, advertises, offers for sale, and sells a variety of oral care products under the brand "GRIN" and "GRIN ORAL CARE".

8.      Plaintiff is the owner of a valid and subsisting United States Trademark Registration No. 6,273,196 (the "'196 Registration") on the Principal Register in the United States Patent and Trademark Office for the trademark GRIN (hereinafter "the GRIN® Mark") for dental flossers, dental floss, and dental floss picks for over-the-counter sale to general consumers. Attached as **Exhibit A** is a true and correct copy of the registration certificate for the '196 Registration, which was issued by the United States Patent and Trademark Office on February 16, 2021.

9.      Plaintiff's '196 Registration is based on an intent-to-use application filed on August 1, 2017. Following Plaintiff's submission of a Statement of Use in this application, and the registration of the mark, the filing date of August 1, 2017, became the Plaintiff's constructive date of first use throughout the United States for all the goods included in the registration.

10.      In addition to dental flossers, dental floss, and dental floss picks, Plaintiff sells tongue scrapers and other oral care products under the GRIN® Mark. Collectively, the dental flossers, dental floss, dental floss picks, tongue scrapers, and other related oral care products are referred to herein as Plaintiff's GRIN Products.

3

11.    Plaintiff has used the GRIN® Mark in commerce throughout the United States continuously since at least as early as November 6, 2020, in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of dental flossers, dental floss, and dental floss picks and, in subsequent years, other oral care products, such as tongue scrapers. Below are screenshots from Plaintiff's Website illustrating representative samples of these products showing Plaintiff's use of the GRIN® Mark.



4




12. As a result of its widespread, continuous, and exclusive use of the GRIN® Mark to identify Plaintiff's GRIN Products and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the GRIN® Mark.

13. Plaintiff's GRIN® Mark is distinctive to both the consuming public and Plaintiff's trade.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting Plaintiff's GRIN Products sold under the GRIN® Mark including through Plaintiff's Website.

15. Plaintiff, through its authorized distributors, sells Plaintiff's GRIN Products under the GRIN® Mark at national and regional food store retailers, drug store retailers,

5

mass merchandise retailers, discount and dollar retailers, dental professional offices and distributors, convenience retailers, and online retailers and resellers.

16.    Plaintiff offers and sells Plaintiff's GRIN Products under its GRIN® Mark to adults and children throughout the United States.

17.    The dental flossers, dental floss, dental floss picks, and other oral care products that Plaintiff offers under the GRIN® Mark are of high quality. The products are generally designed in-house by Plaintiff's team and include unique and proprietary features protected by issued and pending patents. Plaintiff's products offer customers unique features and clinical benefits in contemporary packaging.

18.    As a result of Plaintiff's expenditures and efforts, the GRIN® Mark has come to signify a major oral care brand in the United States with millions of customers of high-quality dental care products designated by the GRIN® Mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.    Plaintiff and Its Trade Dress

19.    Since 2020, Plaintiff has used the pouch packaging for its floss picks (the "Sacks Packaging") as shown above and as shown below:

6



20.     The specific Sacks Packaging deployed differs based on the type of floss pick in the paper-based pouch. For example, the bright pink Sacks Packaging is used for Plaintiff's "SMOOTH" floss pick product, and the blue Sacks Packaging is used for Plaintiff's "DOUBLE" floss pick product. The Sacks Packaging also notes that the floss picks are made from recycled plastic.

21.     As a result of the novel and highly distinctive overall appearance of the Sacks Packaging, as well as Plaintiff's extensive promotion, sale, distribution, and use of its products with the Sacks Packaging in the marketplace, consumers have come to immediately associate the design of the Sacks Packaging with a single source—and specifically with Plaintiff. Accordingly, Plaintiff enjoys strong trade dress rights in the overall appearance of the Sacks Packaging.

22.     Plaintiff has been manufacturing and selling retail products in connection with the Sacks Packaging since at least November 2020 in the United States. Plaintiff has

7

invested significant time, money, and effort in promoting the Sacks Packaging. In addition, the bright, monochromatic colors of the Sacks Packaging are easily visible and instantly recognizable when seen by consumers. The combination of Plaintiff's promotional efforts and the highly visible nature of the product has resulted in significant commercial success and public recognition for the Sacks Packaging's distinctive design, appearance, and trade dress.

23.     Plaintiff's trade dress consists of the overall appearance of its product and the general impression created thereby. The elements contributing to the Sacks Packaging's overall appearance and trade dress rights include, individually and collectively, the following: (a) the bright, monochromatic colors of the Sacks Packaging, and (b) the positioning of the elements on the Sacks Packaging, including but not limited to the positioning of the brand name (*i.e.*, "grin"), the positioning of the floss pick product image, and the positioning of the product descriptors below the brand name. As a result of Plaintiff's extensive and exclusive use of this highly distinctive design since at least as early as November 2020, consumers instantly and exclusively associate the design with a single source—when consumers see the design, they immediately believe that the products come from Plaintiff. Plaintiff's trade dress has developed substantial goodwill among consumers, belonging exclusively to Plaintiff.

24.     The trade dress features of the Sacks Packaging as described above are non-functional, highly distinctive, have acquired secondary meaning, and together comprise a design that identifies the Sacks Packaging as originating from a single source—Plaintiff.

8

Plaintiff developed and marketed a distinctive trade dress and has expended significant resources with the goal and effect of causing that trade dress to be associated directly and solely with Plaintiff.

C. Plaintiff's Copyright

25. Plaintiff is the owner of a valid and subsisting U.S. Copyright Registration No. VA 2-423-842, issued October 10, 2024, for the product packaging design of its line of floss pick products as shown below:

 

A true and correct copy of Sack's copyright registration is attached hereto as **Exhibit B**.

26. Plaintiff's copyright-protected packaging design is original and creative and consists of, among other things, a distinctive selection and arrangement involving contemporary packaging, a product image "hero," and simple, bold font.

27. The Plaintiff's product packaging design is not a mere reproduction of any prior work, nor is it in the public domain.

9

## D.    Defendant's Unlawful Trademark Activities

28.    Upon information and belief, KeHE is one of the largest distributors in North America of natural and organic, specialty, and fresh products.

29.    Upon information and belief, KeHE is engaged in, at a minimum, the distribution, offering for sale, and/or sale of infringing oral care products, including at least the following:



(the "Infringing Products")

30.    Without Plaintiff's authorization, KeHE is shipping, selling, and offering for sale the Infringing Products to one or more retailers located in North Carolina.

31.    Specifically, Plaintiff has identified Infringing Products at the Sprouts Farmers Market in Greensboro, North Carolina, as shown below:

10






32. Upon information and belief, KeHE supplied the Sprouts Farmers Market with the Infringing Products.

33. Upon information and belief, KeHE has obtained Infringing Products, directly or indirectly, from one or more of the defendants in *Sacks Holdings, Inc. v. Grin Natural USA, Ltd., et al.*, Civil Action No. 1:23-cv-01058-CCE-LPA (M.D.N.C.) (the

11

"Grin Natural Litigation").[1]

34. The Infringing Products have adopted and use a mark that is identical to Plaintiff's GRIN® Mark.

35. Upon information and belief, KeHE distributes, sells, and offers for sale the Infringing Products to other retailers, both in and outside the State of North Carolina.

36. Upon information and belief, the Infringing Products that KeHE distributes, sells, and offers for sale are of inferior quality to Plaintiff's competing products. For example, the Infringing Products are smaller in size in handle, head size, and floss length; difficult to hold; and have an exposed sharp pick. As shown below in a side-by-side comparison, the Infringing Product is much smaller than the competing product from Plaintiff:

---

[1] The defendants in that action are: Grin Natural USA Limited, Grin Natural US Limited, Grin Holdings Limited, Grin Natural Products Limited, and Grin Natural Products Australia Pty.

Case 1:26-cv-00294-CCE-LPA   Document 1   Filed 03/30/26   Page 12 of 30



Grin Natural      Grin Oral Care
                  (Sacks)

37.     In the Grin Natural Litigation, this Court has already determined that:

(a)     Plaintiff has priority, and thus ownership, of the GRIN mark (Dkt. No. 202); and

(b)     Plaintiff has succeeded on its claims regarding federal trademark infringement (15 U.S.C. § 1114), federal unfair competition (15 U.S.C. § 1125), cancellation of U.S. Trademark Registration No. 7,058,028 (15 U.S.C. § 1119),[2]

---

[2] U.S. Trademark Registration No. 7,058,028 was issued to Grin Holdings Ltd. for the mark GRIN in conjunction with toothpaste and dental floss, finger toothbrushes, and tooth brushes. However, by way of this Court's order, the registration is to be cancelled.

13

and violation of North Carolina UDTPA (N.C.G.S. § 75-1.1 et al.) (Dkt. No. 234); and

(c)     Plaintiff is entitled to a permanent injunction that prohibits Grin Natural USA Limited, Grin Natural US Limited, Grin Holdings Limited, Grin Natural Products Limited, and Grin Natural Products Limited Australia Pty from any use of the GRIN-formative marks anywhere in the United States (Dkt. No. 288).

38.     The sale of Infringing Products has resulted in actual confusion by the relevant consumers, *i.e.*, those who have purchased or plan on purchasing oral healthcare products.

39.     KeHE's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

D.   Defendant's Unlawful Trade Dress Activities

40.     The Infringing Products, as distributed, sold, and offered for sale by KeHE, again as shown below, infringe the Sacks Trade Dress:

14



41.     The packaging of the Infringing Products is substantially and confusingly similar to the Sacks Packaging. This packaging features bright, monochromatic colors and uses these colors to distinguish floss pick type, both like the Sacks Packaging. Moreover, the positioning of the elements on the Infringing Products' packaging, including but not limited to the positioning of the brand name (*i.e.*, "grin"), the positioning of the floss pick product image, and the positioning of the product descriptors is substantially similar to those of the Sacks Packaging. In addition, like the Sacks Packaging, the packaging on the Infringing Products uses colors to distinguish the type of floss pick.

42.     Defendant infringes Plaintiff's trade dress by distributing, offering for sale and/or selling the Infringing Products, which unlawfully copies both the overall appearance of the Sacks Packaging and nearly all of its individual design elements.

43.     Upon information and belief, the Infringing Products are marketed and sold to the same class of consumers and sold through the same channels as Plaintiff's oral care

15

products, including through brick-and-mortar stores.

44.     Overall, the design of the packaging on the Infringing Products is so similar to the highly distinctive design of the Sacks Packaging as to give consumers the false impression that the packaging and its floss picks originate from, are endorsed by, or are otherwise affiliated with the Plaintiff, thus leading to a high risk of consumer confusion, mistake, and deception as to the source of the Infringing Products.

45.     Infringing Products using Plaintiff's distinctive trade dress have already resulted in an instance of actual confusion by a consumer in the marketplace. Upon information and belief, there have been multiple instances of actual confusion by consumers in the marketplace.

46.     KeHE's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

E.     <u>Defendant's Copyright Infringement</u>

47.     Plaintiff sells oral healthcare products in direct competition with the Infringing Products.

48.     The Infringing Products have copied and used the Plaintiff's product package design, or a substantial portion thereof, without Plaintiff's authorization, consent, or license, as shown in the image above. *Cf.* Paragraphs 11, 19, and 25 with Paragraph 29.

49.     The product packaging design of the Infringing Products is substantially similar to the Plaintiff's Sacks Packaging design in appearance, expression, and overall

16

impression as protected by Sacks' copyright registration.

50. KeHE's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

**COUNT ONE**
**Federal Trademark Infringement**

51. Plaintiff repeats and realleges paragraphs 1 through 50 hereof, as if fully set forth herein.

52. Defendant's unauthorized use in commerce of the GRIN Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is likely to cause consumers to believe, contrary to fact, that the Infringing Products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at

17

law.

54. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### Federal Unfair Competition

55. Plaintiff repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

56. Defendant's unauthorized use in commerce of the GRIN mark, as alleged herein, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's oral care products, and is likely to cause consumers to believe, contrary to fact, that Defendant's oral care products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

57. Defendant's unauthorized use in commerce of the GRIN mark, as alleged herein, constitutes use of a false designation of origin and misleading description and representation of fact.

58. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18

59. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

60. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT THREE**
**Violation of North Carolina Unfair and Deceptive Practices Act ("UDTPA")**
**N.C.G.S. § 75-1.1 *et al.***

61. Plaintiff repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62. Defendant has unlawfully engaged in actions constituting unfair and deceptive trade practices in or affecting commerce in the State of North Carolina with respect to the GRIN Mark and products sold and offered for sale in commerce thereunder, thereby deriving a benefit for themselves.

63. By exercising dominion over unauthorized GRIN-branded oral care products and unlawfully selling or offering for sale such products as authentic and as if authorized to do so, Defendant has acted in a way that is inconsistent with the property rights of Plaintiff, including property rights in the oral care products themselves, the goodwill associated with the GRIN Mark, as well as Plaintiff's ability to control its trademark, and

19

is deceptive and misleading and an unfair method of competition affecting commerce.

64.     Plaintiff and the Defendant, because of the fact that they have both offered for sale oral care products under the GRIN Mark, are competitors.

65.     Defendant's acts and conduct as alleged above, including Defendant's infringement of Plaintiff's trademark rights, constitute unfair or deceptive acts or practices in or affecting North Carolina commerce, as defined by N.C. Gen. Stat. § 75-1.1.

66.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer pecuniary damages, including but not limited to losses and damages in an amount to be determined at trial. Defendant's conduct therefore justifies an award of treble damages pursuant to N.C. Gen. Stat. § 75-16.

67.     As a direct and proximate result of Defendant's unfair and deceptive acts in commerce, Plaintiff and its GRIN® Mark have been harmed and will continue to be harmed in the future unless Defendant's illegal activities are enjoined.

## COUNT FOUR
### False Designation of Origin
### Lanham Act, 15 U.S.C. § 1125(a)

68.     Plaintiff repeats and realleges paragraphs 1 through 67 hereof, as if fully set forth herein.

69.     Plaintiff invested significant time, money, and effort in developing the Sacks Packaging, resulting in commercial success and public recognition of its distinctive design, appearance, and trade dress. Plaintiff has used its distinctive trade dress since at least as early as November 2020, more than three years ago.

20

70. As a result of Plaintiff's advertising and promotion of its products, the trade and consuming public have come to associate the distinctive trade dress of the Sacks Packaging with a single producer or source. Accordingly, the Sacks Packaging trade dress has acquired secondary meaning in the marketplace as to the origin of the product.

71. Plaintiff's trade dress is non-functional and highly distinctive.

72. Defendant has distributed, offered for sale, and/or sold the Infringing Products, which copy and is confusingly similar in appearance to Plaintiff's trade dress in the Sacks Packaging. The packaging of the Infringing Products is therefore likely to deceive and confuse the consuming public as to the source or origin of the infringing floss picks in violation of 15 U.S.C. § 1125(a).

73. Both Plaintiff's goods and Defendant's goods are sold in overlapping and directly competing trade channels, further exacerbating the likelihood of confusion between the packaging of the Infringing Products and the Sacks Packaging.

74. Defendant's infringing activities have caused Plaintiff irreparable injury and monetary damages. Unless enjoined, Plaintiff will continue to suffer irreparable injury and monetary damages.

**COUNT FIVE**
**Violation of North Carolina Unfair and Deceptive Practices Act ("UDTPA")**
**N.C.G.S. § 75-1.1 *et al.***

75. Plaintiff repeats and realleges paragraphs 1 through 74 hereof, as if fully set forth herein.

76. Plaintiff invested significant time, money, and effort in advertising and

21

promoting its floss picks and the Sacks Packaging, and as a result, the Sacks Packaging is associated exclusively with Plaintiff by the consuming public.

77. Defendant's acts and conduct as alleged above, including Defendant's infringement of Plaintiff's trade dress, constitute unfair or deceptive acts or practices in or affecting North Carolina commerce, as defined by N.C. Gen. Stat. § 75-1.1.

78. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer pecuniary damages, including but not limited to losses and damages in an amount to be determined at trial. Defendant's conduct therefore justifies an award of treble damages pursuant to N.C. Gen. Stat. § 75-16.

79. Because much of the damages suffered by Plaintiff as a result of Defendant's conduct is and will be irreparable, for which Plaintiff has no adequate remedy at law, Plaintiff is further entitled to preliminary and permanent injunctive relief.

80. As a direct and proximate result of Defendant's unfair and deceptive acts in commerce, Plaintiff and its GRIN® Mark have been harmed and will continue to be harmed in the future unless Defendant's illegal activities are enjoined.

**COUNT SIX**
**Direct Copyright Infringement – Displaying**
**17 U.S.C. § 101, *et seq.***

81. Plaintiff repeats and realleges paragraphs 1 through 80 hereof, as if fully set forth herein.

82. Plaintiff's Sacks Packaging are original works of authorship subject to copyright protection under 17 U.S.C. § 101 *et seq.*

22

83.     Plaintiff's Sacks Packaging was subject to copyright protection under 17 U.S.C. § 102(a) when the design elements were fixed by Plaintiff in a tangible format. This ownership is reflected in Sacks' registration with the U.S. Copyright Office pursuant to 17 U.S.C. §§ 408 and 409.

84.     Sacks owns all right, title, and interest, including copyright, to Sacks Packaging and has the authority to enforce all such rights, including copyright.

85.     Sacks' copyright rights for the Sacks Packaging predate Defendant's infringing activity.

86.     Sacks owns a copyright registration covering the Sacks Packaging, as attached as **Exhibit B** to this Complaint.

87.     Defendant had access to the Sacks Packaging.

88.     Defendant never sought nor obtained Sacks' permission to copy or reproduce the Sacks Packaging.

89.     Without authority or permission, Defendant displayed the Sacks Packaging or substantial portions thereof and continues to do so without Sacks' permission.

90.     By the above-alleged actions, Defendant has infringed and will continue to infringe Sacks' copyrights in and relating to the Sacks Packaging by displaying, without Sacks' authorization, the Sacks Packaging, in violation of 17 U.S.C. §§ 106(5) and 501.

91.     As a direct and proximate result of Defendant's infringement of Sacks' copyright, Sacks is entitled to its actual damages plus Defendant's profits from infringement in an amount to be proven at trial. Sacks is also entitled to its costs, including

23

reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

92.     Sacks has no adequate remedy at law. Defendant's conduct has caused, and if not enjoined, will continue to cause irreparable harm to Sacks. As a result of Defendant's wrongful conduct, Sacks is entitled to injunctive relief and damages.

**COUNT SEVEN**
**Direct Copyright Infringement – Distribution**
**17 U.S.C. § 101 *et seq*.**

93.     Plaintiff repeats and realleges paragraphs 1 through 92 hereof, as if fully set forth herein.

94.     The Sacks Packaging is an original work of authorship subject to copyright protection under 17 U.S.C. § 101 *et seq*.

95.     The Sacks Packaging was subject to copyright protection under 17 U.S.C. § 102(a) when it was fixed by Sacks in a tangible format and is registered with the U.S. Copyright Office pursuant to 17 U.S.C. §§ 408 and 409.

96.     Sacks owns all right, title, and interest, including copyright, to the Sacks Packaging and has the authority to enforce all such rights, including copyright.

97.     Sacks owns a copyright registration covering the Sacks Packaging, as attached as **Exhibit B** to this Complaint.

98.     Sacks' copyright rights for the Sacks Packaging predate Defendant's infringing activity.

99.     Defendant had access to the Sacks Packaging.

100.    Defendant never sought nor obtained Sacks' permission to publicly distribute

24

the Sacks Packaging.

101. Without authority or permission, Defendant continues to publicly distribute the Sacks Packaging, without Sacks' permission.

102. By the actions alleged above, Defendant has infringed and will continue to infringe Sacks' copyright in, and relating to, the Sacks Packaging by publicly distributing, without Sacks' authorization, the Sacks Packaging in violation of 17 U.S.C. §§ 106(3) and 501.

103. The actions of Defendant described above have been willful and/or knowing at all times relevant to this action.

104. As a direct and proximate result of Defendant's infringement of Sacks copyright, Sacks is entitled to its actual damages plus Defendant's profits from infringement in an amount to be proven at trial. Sacks is also entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

105. Sacks has no adequate remedy at law. Defendant's conduct has caused, and if not enjoined, will continue to cause irreparable harm to Sacks. As a result of Defendant's wrongful conduct, Sacks is entitled to injunctive relief and damages.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), thereby causing injury to Plaintiff.

25

2. That Defendant has violated one or more sections of the Copyright Act, 17 U.S.C. § 101, *et seq.*, thereby causing injury to Plaintiff.

3. That Defendant has engaged in unfair competition and unfair and deceptive acts in or affecting commerce within the meaning of N.C.G.S. § 75-1.11 and thereby caused injury to Plaintiff under N.C.G.S. § 75-16.

4. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its customers, employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise, or promote dental healthcare products bearing the GRIN mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's GRIN® mark and the Sacks Packaging;

b. engaging in any activity that infringes Plaintiff's rights in its GRIN® mark and its Sacks Packaging;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's oral care products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised

26

by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's oral care products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

e. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the GRIN mark or any other mark that infringes or is likely to be confused with Plaintiff's GRIN® mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's oral care products.

27

6. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating any mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's GRIN® mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's GRIN® mark, including the packaging on the Infringing Products, and to immediately remove them from public access and view.

7. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8. Directing that Defendant account for and pay over to Plaintiff all profits derived by Defendant by reason of its acts of trademark infringement, trade dress

28

infringement, unfair competition, and deceptive trade practices in accordance with 15 U.S.C. § 1117(a) and the laws of North Carolina, and Plaintiff asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a) and N.C.S.G. § 75-1.1 and § 75-16.

9.      Directing that Defendant account for and pay over to Plaintiff all actual damages incurred by Plaintiff by reason of Defendant's acts of copyright infringement, as well as any additional profits of Defendant, in accordance with 17 U.S.C. § 504.

10.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement, in accordance with the laws of North Carolina.[3]

11.     Awarding Plaintiff its attorney's fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and N.C.G.S. § 75-16.1.

12.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13.     Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on any and all issues so triable.

---

[3] Sacks is not aware of any facts that suggest that KeHE is willfully infringing Sacks' rights. Instead, upon information and belief, the defendants in the Grin Litigation have likely not informed KeHE of the Grin Litigation and the orders issued therein. Should Sacks discovery evidence of willful infringement, Sacks will amend this complaint in accordance with the applicable scheduling order and the Federal Rules of Civil Procedure.

29

This the 30th day of March, 2026.     Respectfully submitted,


/s/ *Jacob S. Wharton*
Jacob S. Wharton
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone:  336-721-3600
Jacob.Wharton@wbd-us.com

John D. Wooten IV
WOMBLE BOND DICKINSON (US) LLP
300 N. Greene Street, Suite 1900
Greensboro, NC 27401
Telephone:  336-574-8090
JD.Wooten@wbd-us.com

*Attorneys for Plaintiff Sacks Holdings, Inc.*